(No. 16317.—Reversed in part and remanded.)

THE PEOPLE *ex rel.* I. J. Hudson, County Collector, Appellee, *vs.* THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY, Appellant.

*Opinion filed December 16, 1924.*

TAXES—*certificate of levy of road and bridge tax must state amounts for separate purposes.* Under clause 3 of paragraph (*b*) of section 50 of the Roads and Bridges act, as amended in 1923, the certificate of the levy of road and bridge taxes in a road district must state separately the amounts for the various purposes of the tax, as the information is to be submitted to the county board by means of the certificate, so that the board will not be required to go to the records of the commissioner.

APPEAL from the County Court of Pulaski county; the Hon. FRED HOOD, Judge, presiding.

P. J. KOLB, and C. S. MILLER, (L. J. HACKNEY, H. N. QUIGLEY, and R. C. PORTER, of counsel,) for appellant.

L. H. BOYD, State's Attorney, and CHARLES L. RICE, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

The county court of Pulaski county entered judgment against appellant on certain items of road and bridge tax for road districts Nos. 4, 5, 6, 11 and 12, in said county. The objection is that the commissioner of highways in each of the road districts made the levy in a lump sum for road and bridge purposes and did not state separately the several amounts to be levied for the construction of roads, maintenance of roads, construction of bridges, maintenance of bridges, purchases of machinery, repairs to machinery, oiling of roads and prevention and extirpation of weeds; that he was required so to do by clause 3 of paragraph (*b*) of section 50 of the Road and Bridge act. (Smith's Stat. 1923,

p. 1794.)   The appellee replies that the requirement of this section is only that the commissioner, in determining the taxes necessary to be levied, shall state the several amounts separately, and that under section 56 of the same act he is required only to certify to the board of supervisors or county commissioners the amount necessary to be raised by taxation for the construction, maintenance and repair of roads and bridges in such town or road district; that since in this case there is no evidence as to what the commissioner's record shows, the certificate of levy only being introduced, the objection of appellant is not good.

Clause 3 of paragraph (b) of section 50 of the Road and Bridge act provides as follows:

"(b) The highway commissioner of each town or road district shall have power and it shall be his duty:  *  *  *

"(3) To determine the taxes necessary to be levied on property within his town or district for road and bridge purposes, subject to the limitations hereinafter provided, and said highway commissioner, in determining the amount to be levied, shall state separately the several amounts to be levied for the construction of roads, the maintenance of roads, the construction of bridges, the maintenance of bridges, the purchase of machinery, the repairs to machinery, the oiling of roads, and the prevention and extirpation of weeds."

Section 56 of the Road and Bridge act (Smith's Stat. 1923, p. 1796,) provides, in part, as follows: "At a regular meeting to be held on the first Tuesday in September the board of highway commissioners in each town or road district shall annually determine and certify to the board of supervisors or board of county commissioners the amount necessary to be raised by taxation for the proper construction, maintenance and repair of roads and bridges in such town or road district.   Such certificate shall be filed in the office of the county clerk, and by that official presented to

the county board at the regular September meeting for their consideration."

Appellee argues that while section 119 of the Road and Bridge act of 1901 (Hurd's Stat. 1901, chap. 121, p. 1540,) required not only that the total amount to be raised should be stated in the levy certificate, but that the specific amount for each one of the objects should be there stated, section 119 is no longer in force and section 56 now requires only that the commissioner certify the amount necessary; that while the amounts levied for various purposes must be stated separately in the record kept by the commissioner, it is not necessary that the certificate of levy contain such information.

Section 119 of the act as it stood in 1901 was as follows: "The highway commissioners of each town shall, annually, ascertain as near as practicable, how much money must be raised by tax on real, personal and railroad property, for the making and repairing of bridges, the payment of damages by reason of the opening, altering and laying out of new roads and ditches, the purchase of the necessary tools, implements and machinery for working roads, the purchase of the necessary material for building or repairing or draining roads and bridges, the pay of the overseer of highways during the ensuing year, and for the payment of all outstanding orders drawn by the commissioners on their treasurer, commencing on Tuesday next preceding the annual meeting of the county board in September, which tax shall be extended on the tax books, according to the assessment of the current year; and shall levy a tax on all the real, personal and railroad property in said town, not exceeding forty cents on the $100; and they shall give to the supervisor of the township, and in Cook county to the county board, a statement of the amount necessary to be raised, and the rate per cent of taxation, signed by said commissioners, or a majority of them, on or before the Tuesday next preceding the annual September meeting of the board of super-

visors, or the county board of Cook county, who shall cause the same to be submitted to said board for their action at such September meeting of said board."

It will be noted that section 119 contains provisions similar to clause 3 of paragraph (b) of section 50 hereinabove quoted and that part of section 56 also quoted. It will be also noted that section 119 required "a statement of the amount necessary to be raised" shall be filed with the board of supervisors or commissioners, as section 56 now provides.

Prior to the amendment of 1923 clause 3 of paragraph (b) of section 50 provided that the highway commissioner of each town or road district shall have power "to determine the taxes necessary to be levied on property within his town or district for road and bridge purposes, subject to the limitations hereinafter provided." (Hurd's Stat. 1917, p. 2536.) It was not there required that the amounts be determined separately. Section 50 as amended in 1923 does so require. It will be seen, therefore, that section 56 and clause (3) of paragraph (b) of section 50 of the Road and Bridge law as now in force contain substantially the provisions of section 119 of that law as enacted in 1901. Appellee argues, however, that this provision applies only to the record to be kept in the office of the highway commissioner and not to the certificate of levy. We do not think so. By section 56 it is also provided: "The amount so certified, if approved by the county board, or such part thereof as the said board shall approve, shall be extended by the county clerk as taxes," etc. It was clearly the intention of the legislature by this language to give to the county board the power to approve or disapprove the levy submitted by the highway commissioner or parts thereof, and we are of the opinion that by the amendment of clause 3 of paragraph (b) of section 50 the legislature intended that the information concerning the separate purposes for which the levy is made should be submitted to the county board in the certificate of levy, and that it be

not required to go to the records of the commissioner to determine that matter.

The judgment of the county court in so far as it overruled the objection to the road and bridge tax is reversed and the cause remanded, with directions to sustain appellant's objection as to road and bridge tax, which in district No. 4 amounts to $788.70 and to $232.53 in district No. 12, and to enter judgment for the balance not objected to here. Since in road districts Nos. 5, 6 and 11 the judgment rendered was entirely on that portion of the tax against appellant's property for general road and bridge purposes, the judgment of the county court is reversed as to that tax and the county court directed to sustain appellant's objections thereto.

*Reversed in part and remanded, with directions.*

---

(No. 16277.—Reversed and remanded.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MIKE MARUDA, Plaintiff in Error.

*Opinion filed December 16, 1924.*